IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta
MAR 11 2003
LUTHER D. THOMAS, Clerk
By: Deputy Clerk

CHRISTOPHER D. PRICKETT, et al.,
Plaintiffs,
v.
DEKALB COUNTY, et al.,
Defendants.

CIVIL ACTION FILE
NO. 1:97-CV-3395-TWT

ORDER

This is an action brought by current and former Fire Services Bureau employees of the DeKalb County Department of Public Safety. They seek overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA"). The case is before the Court on the Plaintiffs' Motion for Reconsideration [Doc. 144] of the Court's Order granting in part the Defendant's Motion for Summary Judgment and the Plaintiffs' Motion for Continuance [Doc. 146].

I. BACKGROUND

Plaintiffs are five employees of the Fire Services Bureau of the DeKalb County Department of Public Safety. Defendant DeKalb County is a political subdivision of the State of Georgia. This action was filed by the five named Plaintiffs on November 10, 1997. They alleged that the County owed them additional overtime

150

compensation. Under federal law, local governments may elect to pay firefighters overtime only if they work more than 212 hours in a 28-day work period. FLSA, 29 U.S.C. § 207(k) (hereinafter referred to as the "7(k) exemption"). In the initial Complaint, the Plaintiffs alleged that the 7(k) exemption did not apply because their primary duty was not providing fire protection services, but rather emergency medical services. Plaintiffs also claimed that the FLSA entitles those firefighters with the rank of battalion chief or captain to the same overtime compensation rights as firefighters with lesser rank. Pursuant to 29 U. S. C. § 216(b), approximately 420 other DeKalb County firefighters filed written consents to representation by the Plaintiffs to assert claims for overtime compensation on their behalf.

On April 9, 1998, a tornado hit the Dunwoody area of DeKalb County, causing widespread damage. This damage required a vast effort from the DeKalb County Fire Department which required its firefighters to work extra hours in an effort to stem the damage caused by the tornado. In DeKalb County, firefighters typically work for 24 hours and then have the next 48 hours off (hereinafter referred to as the "24/48" schedule). (Wilder Aff. ¶ 16.) Shortly after the tornado struck, former DeKalb County Fire Chief Carlos Perez issued a memorandum which stated that, pursuant to the Alpha Bravo Emergency Recall Plan, all 24 hour shift personnel would be placed on a "40 hour work week/12 hour shifts." (Defendant's Ex. A.) By this, Perez meant

that the firefighters would work for 12 hours and then have the next 12 hours off (hereinafter referred to as a "12/12 shift"). Accordingly, the firefighters worked the 12 hour ("12/12") shift schedule until Sunday, April 12, 1998, at which time Perez placed them on a "24 on/24 off" schedule (hereinafter referred to as the "24/24 shift") under which the firefighters were on duty for 24 hours and then had the next 24 hours off. (Defendant's Ex. B.) According to Perez, this 24/24 shift was to remain in effect until midnight Friday, April 17, 1988, at which time the firefighters were to return to their normal 24/48 work schedule. Id. On September 22, 1998, Plaintiffs filed a Supplemental Complaint in which they alleged that Perez's memo stating that they would be placed on a "40 hour work week/12 hour shifts" removed them from the 7(k) exemption and requires that they be paid overtime for all hours worked over 40 in a 7 day work period.

Following lengthy and contentious discovery, the Defendant moved for summary judgment on all of Plaintiffs' overtime claims. This Court held that the 7(k) exemption applied and that the battalion chiefs and captains were not entitled to overtime. As to the tornado claims, the Defendant argued that, because Perez clearly had no legal authority to reverse DeKalb County's valid adoption of the 7(k) exemption, whatever actions Perez is alleged to have taken could not have changed the firefighters' overtime status and that the firefighters, therefore, were entitled to

overtime only if they worked more than 212 hours in a 28 day period. This Court agreed with Defendant and granted summary judgment as to Plaintiffs' tornado claims. (District Court Order, dated March 29, 2000, at 25-6 [Doc. 99] (hereinafter "District Court Order")). Based on arguments not made in this Court, on appeal the Eleventh Circuit ruled that this Court "erred in finding that then-Chief Perez's alleged lack of authority to make work schedule changes absolved Defendant of its responsibilities under the FLSA" and that "[t]here are therefore issues of material fact with respect to this claim." (Eleventh Circuit Order, dated May 3, 2001, at 8 [Doc. 111] (hereinafter "Eleventh Circuit Order")). The District Court Order granting summary judgment to the Defendant on the applicability of the 7(k) exemption was affirmed. The Eleventh Circuit remanded the case back to this Court.

After unsuccessful settlement negotiations, the Defendant filed a second Motion for Summary Judgment [Doc. 133]. In the motion, the Defendant again argued that it was not liable for overtime due to the change in work schedule following the tornado disaster. It also argued that it was not liable for overtime to any Plaintiffs not named in the caption because those Plaintiffs had not consented to be represented in this action with respect to the tornado disaster claims. After the Court granted them two extensions of time to respond, the Plaintiffs filed their response to the Motion for Summary Judgment. With respect to the lack of consent argument, the

Plaintiffs' response consisted of three short paragraphs in their 14 page brief. They stated that the Defendant's argument on this point was ridiculous and absurd and contrary to the liberal construction to be given to the Fair Labor Standards Act. Other than quoting the statute, 29 U. S. C. § 216(b), they cited no case law or authority. Left on its own, the undersigned researched what little law there is on the issue and concluded that Haynes v. Singer Co., Inc., 696 F.2d 884 (11th Cir. 1983) and LaChapelle v. Owens-Illinois, Inc., 513 F. 2d 286 (5th Cir. 1975) dictated granting the motion as to the unnamed Plaintiffs. In the Motion for Reconsideration, counsel for the Plaintiffs raise for the first time a laundry list of reasons why the Court committed "reversible error" in ruling in favor of the Defendant.

## II. DISCUSSION

In the Motion for Reconsideration, the Plaintiffs argue for the first time that the Defendant failed to assert misjoinder of the consent Plaintiffs in its answer and has waived any contention that they are not properly before the Court; that some of the unnamed Plaintiffs (not identified by name) filed their consent forms after the tornado disaster; that the initial consent forms made the unnamed Plaintiffs "true" Plaintiffs; and that the tornado disaster claims were merely an alternative legal theory. The Brief in support of the Motion for Reconsideration is only one page shorter than the Plaintiffs' entire response to the Motion for Summary Judgment which raised

numerous other issues. The Defendant objected to the Motion for Reconsideration on the grounds that it raised new arguments and new legal theories.

A motion for reconsideration should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice. Preserve Endangered Areas v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). Because reconsideration may occur only in these limited circumstances, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); Godby, 1994 WL 470220 *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made . . . '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through - rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal . . . Such motions also should not be used

to raise arguments which were or could have been raised before judgment was issued.").

The Court will not consider the new arguments made for the first time by the Plaintiffs in the Motion for Reconsideration. The Plaintiffs argue that they have been "sandbagged" by the Defendant. That argument may have had merit if it had been made in response to the Motion for Summary Judgment. But, it was not, and now, it is the Court that is being sandbagged. It would set the worst sort of precedent to allow a party to do what the Plaintiffs are trying to do here; that is, to make a token response to a motion and then when they lose to come out with all of the weighty reasons why they should have won. Allowing this would waste the Court's time and seriously disrupt the orderly and efficient management of the Court's pressing case load. The other grounds stated in the motion are addressed in the Court's Order. The Motion for Reconsideration should be denied.

## III. CONCLUSION

For the reasons set forth above, the Motion for Reconsideration [Doc. 144] is DENIED. This case was scheduled to go to trial on March 10, 2003. For the reasons stated at the pretrial conference on March 7, 2003, Plaintiffs' Motion for Continuance [Doc. 146] is GRANTED. The Plaintiffs' Motion for Entry of Final Judgment [Doc. 146] is GRANTED. There being no just reason for delay, pursuant to Rule 54(b) of

the Federal Rules of Civil Procedure, the Clerk is directed to enter final judgment in favor of the Defendant against all Plaintiffs other than those named in the caption of the case. The Plaintiffs' Motion for Stay [Doc. 146] is GRANTED. This action is stayed pending the appeal of the judgment and the Court's Order [Doc. 142] granting in part the Defendant's Motion for Summary Judgment. The parties having consented thereto, all further proceedings in this action following the appeal will be conducted by the assigned Magistrate Judge.

SO ORDERED, this 10 day of March, 2003.

Thomas W. Thrash

THOMAS W. THRASH, JR.
United States District Judge